# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| VERNARD KEITH CORNELY, SR., | Case No. 19-cv-2368 (JRT/TNL) |
| Plaintiff, | |
| v. | **REPORT** |
| | **AND RECOMMENDATION** |
| UNITED CAR CARE and CAR SHIELD, | |
| Defendants. | |

Plaintiff Vernard Keith Cornely, Sr., alleges that the defendants to this matter have failed to live up to their end of a car-insurance agreement. Cornely did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Cornely qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual

allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Cornely alleges that he is insured by the defendants named to this action against loss accrued for car repairs. *See* Compl. at 3-4 [ECF No. 1]. In April 2017, the transmission of Cornely's automobile failed, and he submitted the car to a mechanic for repairs. *Id.* at 4. Defendants, however, refused to reimburse the cost of repairs on the grounds that the repaired damage resulted from a preexisting condition of the automobile at the time of Cornely's purchase, a risk that the defendants claimed was not covered under the insurance agreement. *Id.* Cornely disagrees and seeks approximately $8,000 in damages. *Id.*

The most natural claim suggested by the facts alleged in the complaint is one arising under state law for breach of contract. Cornely, however, seeks relief pursuant to 41 U.S.C. § 6503, which provides for damages "in case of breach or violation of a representation or stipulation included in a contract under section 6502 of this title." 41 U.S.C. § 6503(a). Section 6502, in turn, pertains to contracts "made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment, in an amount

exceeding $10,000." Put another way, neither § 6502 nor § 6503 are generalized federal law breach-of-contract provisions; those statutes instead apply only to particular contracts made by agencies of the United States. Such a contract is not at issue in this matter, and thus Cornely cannot seek relief under §§ 6502-6503. Any claim brought under those provisions fails as a matter of law.

Again, the more natural cause of action for the claim suggested by Cornely's complaint is one arising under state law for garden-variety breach of contract. Unlike the meritless federal-law claim, however, *see* 28 U.S.C. § 1331, this Court lacks original jurisdiction over any state-law claim for breach of contract (or any other cause of action arising under state law) that might be implied by Cornely's pleading. Although the parties to this action are alleged to be of diverse citizenship, the matter in controversy in this litigation falls well short of the amount required to confer jurisdiction on the court pursuant to 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . ."). Moreover, the Eighth Circuit has instructed district courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Accordingly, the Court lacks jurisdiction over any state-law claim for relief brought by Cornely.

In conclusion, Cornely's federal-law claim is without merit and is recommended for dismissal with prejudice. The Court lacks original jurisdiction and should decline

supplemental jurisdiction over all state-law claims brought by Cornely in this matter, and thus any such claims should be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.     This matter be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows:

    a.     The claim for relief of plaintiff Vernard Keith Cornely, Sr., arising under federal law be **DISMISSED WITH PREJUDICE**.

    b.     All state-law claims be **DISMISSED WITHOUT PREJUDICE**.

2.     Cornely's application to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.


Date: September 20, 2019                     *s/ Tony N. Leung*

                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota

                                      *Cornely v. United Car Care, et al.*
                                      Case No. 19-cv-2368 (JRT/TNL)


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being

served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).